UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH S. HARTZELL,

    Plaintiff,

vs.

MIAMI COUNTY INCARCERATION
FACILITY,

    Defendant.

Case No. 3:17-cv-63

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**DECISION AND ENTRY: (1) DENYING WITHOUT PREJUDICE *PRO SE* PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE INFORMATION; (2) GRANTING *PRO SE* PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT ON OR BEFORE JULY 7, 2017; AND (3) DENYING *PRO SE* PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL**

---

This *pro se* civil case is before the Court for a *sua sponte* review of the complaint filed by Plaintiff Kenneth S. Hartzell ("Hartzell") pursuant to 28 U.S.C. § 1915(e)(2). Doc. 1. In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

In this case, Hartzell filed a form complaint on February 23, 2017, naming the following Defendants: the Miami County, Ohio Jail (the "Jail"); Jail kitchen staff members named Tom \_\_\_\_\_, Larry \_\_\_\_\_, and Bruce _____; Jail medical staff members named Dr. Cole, Katie \_\_\_\_\_, and Sue \_\_\_\_\_; and Trinity Food Services. *Id*. at PageID 2. A review of documents Hartzell has filed separately since the filing of his original complaint shows that he intends to assert claims against these Defendants under 42 U.S.C. § 1983 concerning the conditions of his confinement at the Jail -- including, *inter alia*, claims concerning his medical care, nutrition, and living conditions. Doc. 3. Hartzell's original complaint, however, sets forth no factual allegations in this regard and, instead, contains only requests that the Court order Defendants to provide him with the full names and addresses of the individual Defendants (and the County Commissioners) so that he can appropriately name them in his complaint and effectuate service of process. *See* doc. 1-1 at PageID 7 (seeking the Court's help in getting Defendants' names and addresses so he could "get started on a civil suit" regarding "medical" issues).

Insofar as Hartzell seeks an order directing Defendants to provide names and contact information, the Court lacks the power to do so at this time because Defendants have not been served. *Cf. Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (stating that, absent service of process, a district court is "powerless to issue orders affecting defendants"). As

a result, such motion is **DENIED WITHOUT PREJUDICE** to refile.  Insofar as Hartzell, in his original complaint, seeks to assert claims regarding his medical care, nutrition, and living conditions at the Jail, his claims are subject to dismissal for failure to set forth specific factual allegations stating plausible claims upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

As noted above, on March 16, 2016, Hartzell did file a number of documents consisting of approximately eighty (80) pages of correspondence, handwritten notes, medical records, Jail inmate request forms, and other documents appearing to allege a lack of medical care, subpar nutrition and living conditions at the Jail.  *See* doc. 3.  The Court liberally construes Hartzell's filing in this regard to be an attempt to amend his original complaint, which he is entitled to do as a matter of course at this time.  *See* Fed. R. Civ. P. 15(a).

However, Hartzell's first amended complaint (doc. 3) is subject to being stricken because it fails to comply with the requirements of Fed. R. Civ. P. 10.  Specifically, Hartzell's amended complaint does not contain an appropriate caption and he fails to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(a) and (b).  In addition, Hartzell, in his amended complaint, does not set forth "*a short and plain statement* of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8 (emphasis added); *see also Gurman v. Metro Hous. and Redevelopment Auth.*, 842 F.Supp.2d 1151, 1152-53 (D. Minn. 2011) (holding that Rule 8 prohibits a pleading party from "cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two").

Recognizing Plaintiff's *pro se* status, and in lieu of recommending dismissal of this case at this time, the undersigned **GRANTS** Hartzell leave to file a second amended complaint on or before **July 7, 2017**. In so doing, Hartzell should remain cognizant of the pleading requirements noted above -- such as setting forth a short plain statement of the claims in numbered paragraphs, and supporting each claim with specific factual allegations.

The Court also notes that, in Hartzell's correspondence, he appears to request the appointment of counsel. While courts may appoint counsel in civil cases, *see* 28 U.S.C. § 1915(e)(1), the Court has no funding for such counsel and cannot compel counsel to serve without compensation. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 308-09 (1989); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Therefore, Hartzell's request for the appointment of counsel is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Plaintiff's motion if and when this case proceeds to trial. In the meantime, the Court encourages Hartzell to contact the Greater Dayton Volunteer Lawyers Project ("VLP") by visiting gdvlp.org or calling (937) 461-3857.

Finally, understanding that Hartzell is proceeding *pro se* in this case, the Court, in the interests of justice, **NOTIFIES** him of the following:

1. Parties are not permitted to have *ex-parte* communications with the Court. This means that you cannot communicate with the Court about the merits of your case, orally or in writing, without the other party's participation.

2. You must tell the Court and the other party's attorney, in writing, of changes to your address and/or telephone number.

3. Because *pro se* litigants do not have access to the Court's electronic filing system, they are required to mail a copy of anything they file with the Court to the other party's attorney and enclose a signed Certificate of Service. This requirement can be avoided if: (1) the *pro se* litigant personally brings the filing to the Clerk of Court's office for filing; (2) the attorney(s) for the other party agree to receive service solely through the Court's CM/ECF filing system; and (3) the Certificate of Service in the *pro se* litigant's filing

states that service will be made solely through the Court's CM/ECF filing system and counsel for the opposing party has so consented.

4. *Pro se* litigants are encouraged to read the Court's Guide for *Pro Se* Civil Litigants, which can be found at http://www.ohsd.uscourts.gov/pro-se-handbook.

**IT IS SO ORDERED.**

Date: June 15, 2017

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge